IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **DEVON BARRETT,** | ) |
|     **Plaintiff,** | ) Civil Action No.: 3:22-cv-05 |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| **UNIVERSITY OF VIRGINIA MEDICAL CENTER,** | ) |
| and | ) |
| **RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA,** | ) |
|     **Defendants.** | ) |

## COMPLAINT

COMES NOW, Plaintiff Devon Barrett, by and through counsel, and seeks judgment against Defendants University of Virginia Medical Center and Rector and Visitors of the University of Virginia, and in support thereof states:

### INTRODUCTION

1.    Plaintiff presents claims of unlawful harassment based on sex in violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, et seq. ("Title IX"). Plaintiff alleges that Defendants University of Virginia Medical Center and Rector and Visitors of the University of Virginia (collectively referred to herein as "UVA") violated Title IX by allowing a male employee to engage in sexual harassment and sexual assaults against female employees, patients, and visitors of the University of Virginia Medical Center (the "Medical Center") over a period of seven (7) years without taking any action to stop him.  UVA's deliberate indifference to

his sexually predatory behavior and failure to take any action against him to make him stop resulted in him sexually assaulting Plaintiff, causing her to suffer injuries and damages.

### PARTIES

2. Plaintiff Devon Barrett is a citizen and resident of State of Maryland. At all times relevant herein Plaintiff was an employee of Defendant and worked at the University of Virginia Medical Center.

3. Defendant Rector and Visitors of the University of Virginia is a public educational institution and an agency of the Commonwealth of Virginia, is located in the City of Charlottesville, Commonwealth of Virginia, and is a recipient of federal funds for its programs and activities.

4. Defendant University of Virginia Medical Center is a division of Defendant Rector and Visitors of the University of Virginia, is located in the City of Charlottesville, Commonwealth of Virginia, and is a recipient of federal funds for its programs and activities.

### JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1367.

6. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) respectively because the acts and omissions giving rise to this action occurred in this District and Division.

7. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

### FACTS AND ALLEGATIONS

8. Defendant Rector and Visitors of the University of Virginia operates Defendant University of Virginia Medical Center, both of which conduct business under the name University of Virginia Health System ("UVAHS").

9. Plaintiff Devon Barrett was employed by Defendants at the Medical Center through UVAHS as a Patient Care Technician for the time period beginning June 2019 and ending in July 2020.

10. At all times relevant herein, each Defendant was a recipient of federal funding and its programs and activities were subject to the prohibitions of discrimination and harassment based on sex contained in Title IX.

11. During the course of her employment with UVA, Plaintiff Devon Barrett was a nursing student at the University of Lynchburg and received practical credits working at UVA. Plaintiff also worked as an employee of UVA as a Patient Care Technician on the acute care inpatient unit for neurosurgery, ENT and trauma patients, which is known as "6 West."

12. During her employment, Ms. Barrett was the victim of a series of incidents of sexual harassment by Samuel Ndungu, who was a registered nurse employed by UVA and worked as a Charge Nurse with authority over Plaintiff. These incidents of sexual harassment escalated and ultimately resulted in Mr. Ndungu sexually assaulting Plaintiff at the Medical Center.

13. On or about April 21, 2020, Plaintiff was working night shift as a Patient Care Technician on "6 West." As a Patient Care Technician, Plaintiff was required to stay in her assigned patient's room and assist the patient by performing basic nursing skills delegated by the Registered Nurse and support nurses in daily patient care activities.

14. On or about April 21, 2020, Plaintiff was sitting on a bench in her assigned patient's room while the patient slept. Plaintiff kept the door closed to keep the room quiet. Plaintiff sat on the bench and was using a computer. Mr. Ndungu entered the room, walked over to the bench, and sat so close to Plaintiff that his right leg touched her left leg despite there being room on the bench

for him to sit without being so close. Mr. Ndungu then engaged Plaintiff in a friendly conversation, during which he placed his arm around Plaintiff's shoulder and rested his right hand on her breast. He then began squeezing her breast and leaned his head to hers so that his forehead touched her forehead as if trying to kiss her. During this encounter Mr. Ndungu also placed one of his hands on Plaintiff's buttocks. Plaintiff responded by jerking her head away. Mr. Ndungu also asked Plaintiff, "Who is handling your body?" and attempted to get her to leave with him to go to another location in the Medical Center.

15. On or about April 22, 2020, at the start of her next shift following the sexual assault by Mr. Ndungu, Plaintiff complained of Mr. Ndungu's sexual harassment and sexual assault to Ruth Clements, the Assistant Nurse Manager of 6 West. Ms. Clements immediately called Susan Prather, Nurse Manager of 6 West, and notified her of Plaintiff's complaint. During that call Ms. Clements stated, "Guess who has another sexual harassment claim against him."

16. Prior to the sexual assault, Mr. Ndungu had sent Plaintiff a series of text messages containing sexually suggestive messages and innuendo using a Medical Center cell phone. For example, in response to her text messages seeking to get additional shifts at the Medical Center, Mr. Ndungu responded that she could be his nurse, that she could "help" him in a "good way," and suggested that he come to her house "for a break."

17. Prior to the sexual assault on Plaintiff, Mr. Ndungu had previously engaged in sexual harassment and/or sexual assaults against UVA employee(s), patients, and visitor(s) at the Medical Center in a pattern of behavior nearly identical to his sexual harassment and sexual assault of Plaintiff. At least three of these incidents were reported to UVA employees who were in a position to take appropriate measures against him, and none of them took any action to stop Mr. Ndungu's sexually predatory behavior.

18. In or around 2013, a patient complained to Nursing Supervisor Edward Meyers that Mr. Ndungu had engaged in inappropriate conduct of a sexual nature against her and that it caused her to feel humiliated and scared. Defendants took no disciplinary action against Mr. Ndungu related to this complaint.

19. In or around 2016, a patient complained to UVA officials that Mr. Ndungu touched her breast and "private parts." Defendants took no disciplinary action against Mr. Ndungu related to this complaint.

20. In or around 2017, Mr. Ndungu sexually harassed another female employee of Defendants in a nearly identical pattern to his harassment and assault of Plaintiff. Mr. Ndungu approached the female employee in an isolated area at the Medical Center, grabbed her breast, put his hand on her thigh, attempted to kiss her, and suggested they go to another part of the hospital. Mr. Ndungu's conduct was so aggressive that the female employee had to send a text message to another employee to come rescue her from an isolated area where she was trapped by Mr. Ndungu.

21. The female employee reported Mr. Ndungu's sexual harassment and sexual assault, and Ms. Prather and Defendant UVA's Employee Relations Consultant Jill Melton were aware of her complaint and interviewed witnesses to the event. Despite the complaint, Defendants took no action against Mr. Ndungu such that the female employee that he assaulted was required to work in another ward in order to avoid him, and ultimately resigned.

22. In or around 2019, UVA officials received a complaint from the father of a patient that Mr. Ndungu had engaged in inappropriate conduct toward his eighteen (18) year old female daughter, who was the sister of the patient, while she was a visitor at the Medical Center. Mr. Ndungu stated that he wanted to "take her home with me … and steal her away from you!" The

father of the patient also reported that Mr. Ndungu was withholding care for the patient. UVA officials took no disciplinary action against Mr. Ndungu.

23. Despite these prior complaints of inappropriate sexual conduct by Mr. Ndungu to UVA officials in a position to take appropriate action against him, Defendants never took any disciplinary action against Mr. Ndungu and allowed Plaintiff and other female employees to work with him in a work environment where they were at risk of being sexually harassed and sexually assaulted.

24. The acts and omissions of Defendants caused Plaintiff to suffer injuries and damages, including depression, anxiety, humiliation, emotional distress and mental anguish.

## FOR A FIRST CAUSE OF ACTION
### Sexual Harassment in Violation of Title IX of the Education Amendments Act of 1972
### 20 U.S.C. § 1681
### (Against All Defendants)

25. Plaintiff realleges the allegations contained in paragraphs 1 through 24 as if specifically contained herein.

26. Title IX provides, in pertinent part, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

27. At all times relevant herein, each Defendant was a recipient of federal financial assistance.

28. At all times relevant herein, Plaintiff was an employee of Defendants and within the scope of Title IX's protections against discrimination and harassment based on sex.

29. Plaintiff suffered sexual harassment during the scope and course of her employment with Defendants and within Defendants' programs and activities.

30. Mr. Ndungu's sexual harassment of Plaintiff was so severe that it altered the conditions of Plaintiff's employment.

31. Prior to his sexual harassment of Plaintiff, Mr. Ndungu engaged in a pattern of discriminatory behavior in the form of sexual harassment, including sexual assaults, against female participants and/or beneficiaries of Defendant's education programs or activities on the basis of their sex over a period of seven (7) years.

32. Officials of the Defendants with the authority to address Mr. Ndungu's discrimination and to institute corrective measures on Defendants' behalf had actual knowledge of Mr. Ndungu's discrimination and harassment based on sex and failed to take any action to make him stop.

33. Defendants' officials' failure to take any action to stop Mr. Ndungu was clearly unreasonable and amounts to deliberate indifference to his acts of sexual harassment.

34. Defendants' deliberate indifference to Mr. Ndungu's acts of sexual harassment caused Plaintiff to suffer injuries and damages, including emotional distress, humiliation, anxiety, and depression.

35. As a result of Defendants' violations of Title IX, Plaintiff is entitled to recover damages as well as her attorney's fees and costs incurred in bringing this action.

**PRAYER FOR RELIEF**

36. WHEREFORE, Plaintiff prays the Court enter Judgment against the Defendants and award the Plaintiff the following:

    a. An award of compensatory damages in an amount that will fully compensate her for her physical injuries, emotional distress, mental anguish, pain,

humiliation, embarrassment, and other physical and emotional injuries that she has suffered as a direct and proximate result of Defendant's violations;

      b.      An award of prejudgment and post-judgment interest at the highest rate permitted under the law;

      c.      An award of all costs, expenses, and reasonable attorneys' fees incurred in bringing this action; and

      d.      An award of such other and further legal and equitable relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

37.      Plaintiff hereby demands a trial by jury.

      Respectfully submitted,

      DEVON BARRETT,

      By counsel,

/s/ William C. Tucker
William C. Tucker (VSB# 40754)
Tucker Law Firm, PLC
690 Berkmar Circle
Charlottesville, Virginia 22901
Phone/Fax: (833) 388-2537
bill.tucker@tuckerlawplc.com